THE STATE v. WILLIAM BAKER, Appellant.—300 S. W. 673.

Division Two, December 12, 1927.

664

*North T. Gentry*, Attorney-General, and *L. Cunningham*, Assist-. ant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by information in the Circuit Court of Cooper County with having sold intoxicating liquor, designated as hootch, moonshine and corn whiskey. Upon a trial to a jury he was convicted and his punishment assessed at five years' imprisonment in the penitentiary. From this judgment he appeals.

The appellant sold two boys of tender years two half-pint bottles of corn whiskey, from the drinking of which they became drunk. The appellant denied the sale. His wife and another woman testified that at the time the witnesses for the prosecution stated they bought the liquor from appellant at his home he was away and did not return until later; that no boys came to appellant's house that day. Other witnesses testified that they saw the appellant elsewhere

than at his home when the sale was shown by the State to have been made. Evidence of the good character of the appellant was introduced. In contravention of this testimony the State proved that the appellant's character was bad. The jury gave no credence, either to the appellant's denial, or to his proof of an *alibi* or of his good character. No brief has been filed for the appellant.

This transcript is burdened with a copy of the proceedings before a justice of the peace prior to the filing of the information. The regularity of these proceedings is not questioned; they are improperly included in the transcript and the State should not be taxed with the costs of their transcription. The regularity of the proceedings, as disclosed by the record proper, not being questioned, we are limited in our review to such matters of exception as are stressed in the motion for a new trial, provided such matters have been so preserved as to challenge our attention.

I. The motion for a new trial consists of four paragraphs; its character may be most readily determined by its own words, which are as follows:

"1. Because the court permitted improper and irrelevant testimony and because facts were given to the jury not authorized by the court and because the court excluded competent and legal testimony offered on the part of the defendant, and because there has been newly discovered circumstances and evidence that would be of great benefit to the defendant in another trial.

"2. Because the jury was permitted to separate in an improper manner and they did not give fair and due consideration of the case.

"3. Because the court in the giving of the instructions numbered A, B, C, D, E, F, G, and H, has misdirected the jury in material matters of law.

"4. Because the verdict is unreasonable and founded upon prejudice, and the same is contrary to the law or evidence introduced in this case. And because of improper remarks made in argument of prosecuting attorney."

It may be said generally that neither one of these paragraphs conforms to the terms of the statute (Sec. 4079, R. S. 1919, as amended, Laws 1925) which requires that the motion shall set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor. These paragraphs state only general conclusions which are as broad as the expanse of the trial. Thus framed they do not serve the primary purpose of informing the trial court of the errors complained of; nor the secondary purpose, of so preserving them as to merit their consideration by the appellate court. Counsel for the respondent, out of the abundance of caution, has briefed the various contentions made in the motion. We have

examined this review and, if the motion had conformed to the statute, no error in the proceedings is disclosed which would authorize a reversal. If, therefore, the case be determined upon its merits, the appellant has no ground of complaint as he will have suffered no injury by the failure of his counsel to properly present his case on appeal.

Under any consideration which may be given to this case the right to a reversal does not exist and the judgment of the trial court is affirmed. All concur.